# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PRICEPLAY.COM, INC.,<br><br>  Plaintiff,<br><br>  v.<br><br>LINKEDIN CORPORATION,<br><br>  Defendant. | C.A. No. 14-267-RGA |
| PRICEPLAY.COM, INC.,<br><br>  Plaintiff,<br><br>  v.<br><br>GOOGLE INC.,<br><br>  Defendant. | C.A. No. 14-386-RGA |
| PRICEPLAY.COM, INC.,<br><br>  Plaintiff,<br><br>  v.<br><br>FACEBOOK, INC.,<br><br>  Defendant. | C.A. No. 14-512-RGA |

**PLAINTIFF PRICEPLAY.COM, INC.'S ANSWERING BRIEF IN OPPOSITION TO DEFENDANTS' MOTION TO TRANSFER VENUE TO THE <u>NORTHERN DISTRICT OF CALIFORNIA</u>**

# TABLE OF CONTENTS

I. INTRODUCTION ................................................................................................ 2

II. NATURE AND STAGE OF THE PROCEEDINGS ....................................... 2

III. SUMMARY OF THE ARGUMENT ................................................................ 2

IV. STATEMENT OF FACTS ................................................................................ 3

V. ARGUMENT ...................................................................................................... 4

    A. Legal Standards ....................................................................................... 4

    B. Transfer Should Be Denied ..................................................................... 5

        1. Plaintiff Priceplay.com Chose Delaware as its Forum .................... 5

        2. All Parties are Delaware Companies ............................................... 6

        3. Defendants are International Companies ........................................ 8

        4. Infringement Occurred Across the Internet .................................... 8

        5. Transfer to California would Result in Duplicative Parallel Litigation in Two Courts .................................................................. 9

        6. Documents and Witnesses in California do not Affect Choice of Forum .................................................................................. 9

        7. The Remaining Public Interest Factors Are Neutral ..................... 11

VI. CONCLUSION ................................................................................................. 12

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*ADE Corp.* v. *KLA-Tencor Corp.*,
 138 F. Supp. 2d 565 (D. Del. 2001)......................................................................2, 6, 7

*Agincourt Gaming v. Zynga*,
 2013 U.S. Dist. LEXIS 105602 (D. Del. July 29, 2013) ............................................5

*AIP Acquisition LLC v. iBasis*,
 C.A., U.S. Dist. LEXIS 150534 (D. Del. Oct. 19, 2012)................................... *passim*

*Air Prods. & Chems., Inc. v. MG Nitrogen Servs., Inc.*,
 133 F. Supp. 2d 354 (D.Del. 2001).............................................................................9

*In re Altera Corp.*,
 494 F. Appx. 52 (Fed. Cir. July 20, 2012) .................................................................6

*Angiodynamics, Inc.* v. *Vascular Solutions, Inc.*,
 2010 U.S. Dist. LEXIS 77126 (D. Del. July 30, 2010) ..............................................4

*Cellectis S.A. v. Precision Biosciences, Inc.*,
 858 F. Supp. 2d 376 (D. Del. 2012)............................................................................8

*CNH Am. LLC* v. *Kinzenbaw*,
 2009 U.S. Dist. LEXIS 105312 (D. Del. Nov. 9, 2009) .........................................2, 6

*Cypress Semiconductor Corp. v. Integrated Circuit Sys.*,
 2001 U.S. Dist. LEXIS 20803 (D. Del. Nov. 28, 2001) ...........................................11

*Fuisz Pharma LLC v. Theranos, Inc.*,
 2012 U.S. Dist. LEXIS 69835 (D. Del. May 18, 2012)............................................10

*Illumina, Inc.* v. *Complete Genomics, Inc.*,
 2010 U.S. Dist. LEXIS 119296 (D. Del. Nov. 2010) .................................................4

*Intellectual Ventures 1 LLC v. Checkpoint Software Techs., Ltd.*,
 797 F. Supp. 2d 472 (D. Del. 2011).....................................................................4, 11

*Intellectual Ventures I LLC v. Altera Corp.*,
 842 F. Supp. 2d 744 (D. Del. 2012)...................................................................2, 7, 8

*Jumara v. State Farm Ins. Co.*,
 55 F.3d 873 (3d Cir. 1995)............................................................................. *passim*

*L'Athene, Inc.* v. *EarthSpring LLC*,
  570 F. Supp. 2d 588 (D. Del. 2008)............................................................................3, 5, 8

*In re Link_A._Media*
  622 F.3d 1221 (Fed. Cir. 2011)..................................................................................6, 10

*Mallinckrodt, Inc. v. EZ-EM Inc.*,
  610 F. Supp. 2d 349 (D. Del. 2009).................................................................................7

*Micron Tech, Inc. v. Rambus Inc.*,
  645 F.3d 1311 (Fed. Cir. 2011).........................................................................................6

*Mitek Sys., Inc. v. United Servs. Auto Ass'n.*,
  2012 U.S. Dist. LEXIS 123716 (D. Del. Aug. 20, 2012) ...........................................7, 10

*Praxair, Inc.* v. *ATMI, Inc.*,
  2004 U.S. Dist. LEXIS 7076 (D. Del. Apr. 20, 2004)..............................................2, 5, 6, 8

*Rockstar Consortium US LP et al. v. HTC Corporation*,
  2014 U.S. Dist. LEXIS 102991 (E.D. Tex., July 29, 2014)................................................9

*Shutte v. Armco Steel Corp.*,
  431 F.2d 22 (3d Cir. 1970).......................................................................................2, 4, 6

*Tradimpex Egypt Co. v. Biomune Co.*,
  777 F. Supp. 2d 802 (D. Del. 2011)..................................................................................11

*Virgin Wireless, Inc. v. Virgin Enters. Ltd.*,
  201 F. Supp. 2d 294 (D. Del. 2002)...................................................................................4

*In re Volkswagen of Am., Inc.*,
  566 F.3d 1349 (Fed. Cir. 2009).........................................................................................9

*Wacoh Co. v. Kionix.*,
  845 F. Supp. 2d 597 (D. Del. 2012)...............................................................................2, 7

**Statutes**

28 U.S.C. § 1404(a) .............................................................................................................4, 7

code 890 ................................................................................................................................3

I.  INTRODUCTION

In order to succeed on their motion to transfer this action to the Northern District of California, the moving Defendants must show that the *Jumara/Shutte* factors "strongly favor" transfer. But Defendants' Opening Brief offers no such justification and consideration of the *Jumara* transfer factors, confirms that this case should stay in Delaware. First, Plaintiff Priceplay.com, Inc. ("Priceplay.com") chose Delaware as the forum state. Second, Priceplay.com and each of the Defendants – LinkedIn Corporation ("LinkedIn"), Google Inc. ("Google"), and Facebook, Inc. ("Facebook" and collectively with LinkedIn and Google, the "Moving Defendants") – is a Delaware corporation. Third, each of the Moving Defendants "operates on an international scale" and is therefore capable of litigating anywhere, including Delaware. Fourth, each of the Moving Defendants has availed itself of this forum in earlier proceedings by litigating patent infringement disputes in Delaware. Fifth, each of the Moving Defendants' acts of patent infringement occurred over the Internet and therefore has an impact upon Delaware. And sixth, a fourth Defendant accused of infringing Priceplay.com's two patents-in-suit – AOL Advertising, Inc. ("AOL") – has determined to defend in Delaware. Accordingly, the Court should deny Moving Defendants motion to transfer.

II. NATURE AND STAGE OF THE PROCEEDINGS

Plaintiff Priceplay.com filed suit against four companies – AOL, LinkedIn, Google, and Facebook (C.A. Nos. 14-092, 14-00276, -00386, and -00512) accusing each of infringing U.S Patent Nos. 8,050,982 and 8,494,917 (the "patents-in-suit"). The Moving Defendants, but not AOL, have now moved pursuant to 28 U.S.C. § 1404(a) to transfer their cases to the Northern District of California (the "Motion"). This is Priceplay.com's Answering Brief in opposition to that Motion.

## III.　SUMMARY OF THE ARGUMENT

Plaintiff Priceplay.com chose Delaware as the forum state. An accused infringer, who challenges the patentee's choice of forum, faces a heavy burden: "unless the balance of convenience of the parties is *strongly* in favor of defendant, the plaintiff's choice of forum should prevail." *Shutte v. Armco Steel Corp.,* 431 F.2d 22, 25 (3d Cir. 1970) (internal quotation marks omitted) (emphasis in original); *see also CNH Am. LLC* v. *Kinzenbaw,* 2009 U.S. Dist. LEXIS 105312, at *7 (D. Del. Nov. 9, 2009) *ADE Corp.* v. *KLA-Tencor Corp.,* 138 F. Supp. 2d 565,567-68 (D. Del. 2001).

Priceplay.com and each of the Moving Defendants are Delaware corporations. Transferring these cases to California would contradict Delaware's public policy, which favors adjudicating disputes between corporations of this state. "[t]he public policy of Delaware encourages the use by Delaware corporations of that state as a forum for the resolution of business disputes." *AIP Acquisition LLC v. iBasis*, C.A., U.S. Dist. LEXIS 150534, at *18 (D. Del. Oct. 19, 2012); *see also Wacoh Co. v. Kionix.,* 845 F. Supp. 2d 597, 604 (D. Del. 2012); *Intellectual Ventures I LLC v. Altera Corp.,* 842 F. Supp. 2d 744, 760 (D. Del. 2012).

Each of the Moving Defendants "operates on an international scale" and is therefore capable of litigating anywhere. Unless the defendant "is truly regional in character," that is it operates essentially exclusively in a region that does not include Delaware, transfer is almost always inappropriate. *See Praxair, Inc.* v. *ATMI, Inc.,* 2004 U.S. Dist. LEXIS 7076, at * 3 (D. Del. Apr. 20, 2004). Where transfer is sought by a defendant having operations on a national or international scale, that defendant "must prove that litigating in Delaware would pose a unique or

2

unusual burden on [its] operations." *L 'Athene, Inc.* v. *EarthSpring LLC,* 570 F. Supp. 2d 588, 592 (D. Del. 2008). Moving Defendants offer no such justification.

Each of the Moving Defendants has availed itself of this forum in earlier proceedings by litigating patent infringement disputes in Delaware.

Each of the Moving Defendants' acts of patent infringement occurred over the Internet and therefore has an impact upon Delaware.

Priceplay.com has accused a fourth Defendant – AOL – of infringing the same two patents-in-suit. AOL has not joined in the joint transfer motion of the other three Defendants and has filed its answer, indicating a decision to defend in Delaware. Transfer of the three infringement cases to California would unduly multiply expense, unduly complicate the litigation and create unwarranted possibilities of contradictory outcomes in the two forums.

## IV.   STATEMENT OF FACTS

Pricelpay.com is incorporated in Delaware with its principal place of business in Irvine California. Each of the Moving Defendants– is incorporated in Delaware with various places of business in California.

LinkedIn, Google and Facebook have been frequent litigants in patent infringement disputes in Delaware, as shown by Exhibit A to the Declaration of Gina Monteith, which is a set of compilations from PACER of those companies' appearances in this Court. In summary, LinkedIn has been involved in 14 patent lawsuits. Google has been involved in 128 lawsuits which include 17 bankruptcy suits, five bankruptcy appeals, 66 patent lawsuits, 25 other statutory actions (code 890), one "other civil rights" matter, one securities and commodities matter, one assault, libel and slander matter, one contract matter, one "other personal injury" matter, one fraud matter, and nine other matters. And Facebook has been involved in 28 matters,

including one bankruptcy, 21 patent lawsuits, two antitrust matters, one stockholder's suit, and three other matters.

## V.   ARGUMENT

### A.  Legal Standards

A plaintiff's choice of forum is a "paramount consideration" in any transfer request. *Shutte*, 431 F.2d at 25.  This choice "should not be lightly disturbed." *Intellectual Ventures 1 LLC v. Checkpoint Software Techs., Ltd*., 797 F. Supp. 2d 472, 477 (D. Del. 2011) (citing *Jumara v. State Farm Ins. Co*., 55 F.3d 873, 879 (3d Cir. 1995)).  The movant bears the burden of demonstrating that "the balance of interests ***strongly*** weighs" in favor of transferring to another forum.  *Virgin Wireless, Inc. v. Virgin Enters. Ltd*., 201 F. Supp. 2d 294, 300 (D. Del. 2002) (emphasis added).  "Transfer will be denied if the factors are evenly balanced or weigh only slightly in favor of the transfer." *Angiodynamics, Inc.* v. *Vascular Solutions, Inc.,* 2010 U.S. Dist. LEXIS 77126, at *6 (D. Del. July 30, 2010) (internal citations omitted); *see also Illumina, Inc.* v. *Complete Genomics, Inc.,* 2010 U.S. Dist. LEXIS 119296, at *6 (D. Del. Nov. 2010). Moreover, unless a defendant "is truly regional in character – that is, it operates essentially exclusively in a region that does not include Delaware – transfer is almost always inappropriate." *Intellectual Ventures 1 LLC,* 797 F. Supp. 2d at 477.

While there is no definitive formula or list of factors to consider, courts have considered many variants of the private and public interests protected by the language of § 1404(a). *Jumara,* 55 F.3d at 879.

Under controlling Third Circuit law, the Court should consider established private and public interest factors in evaluating a motion to transfer.  "The private interests include: (1) plaintiffs forum preference as manifested in the original choice; (2) the defendant's preference;

(3) whether the claim arose elsewhere; (4) the convenience of the parties as indicated by their relative physical and financial condition; (5) the convenience of the witnesses-but only to the extent that the witnesses may actually be unavailable for trial in one of the forums; and (6) the location of books and records (similarly limited to the extent that the files could not be produced in the alternative forum)." *Jumara*, 55 F.3d at 879 (internal citations omitted). "The public interests have included: (1) the enforceability of the judgment; (2) practical considerations that could make the trial easy, expeditious, or inexpensive; (3) the relative administrative difficulty in the two fora resulting from court congestion; (4) the local interest in deciding local controversies at home; (5) the public policies of the fora; and (6) the familiarity of the trial judge with the applicable state law in diversity cases." *Jumara,* 55 F.3d at 879-80 (internal citations omitted).

### B. Transfer Should Be Denied

#### 1. Plaintiff Priceplay.com Chose Delaware as its Forum

Plaintiff Priceplay.com chose Delaware as its forum for the present dispute. Under Third Circuit law, considerable deference is given to the plaintiff's choice of forum when all the parties are Delaware corporations, which is the first *Jumara* factor. *Agincourt Gaming v. Zynga,* 2013 U.S. Dist. LEXIS 105602, at *2 (D. Del. July 29, 2013); *L'Athene, Inc.*, 570 F. Supp. 2d at 594-95 (plaintiff's choice of forum – is entitled to "paramount consideration").

This factor weighs strongly against transfer where, as here, a corporate plaintiff has made the rational decision to bring this case *in its state of incorporation. See Praxair, Inc.*, 2004 U.S. Dist. LEXIS 7076, at *5 ("as a matter of law" a party's "situs of incorporation" is its "home turf").

An accused infringer challenging the patentee's choice of forum, faces a heavy burden: "unless the balance of convenience of the parties is *strongly* in favor of defendant, the plaintiffs

5

choice of forum should prevail." *Shutte,* 431 F.2d at 25 (internal quotation marks omitted) (emphasis in original); *see also CNH Am. LLC* v. *Kinzenbaw,* 2009 U.S. Dist. LEXIS 105312, at *7 (D. Del. Nov. 9, 2009); *ADE Corp.* v. *KLA-Tencor Corp.,* 138 F. Supp. 2d 565, 567-68 (D. Del. 2001). Considerable weight is give to plaintiff's choice of forum, where all the parties are Delaware corporations. *See Micron Tech, Inc. v. Rambus Inc.,* 645 F.3d 1311, 1332 (Fed. Cir. 2011) . Here, Moving Defendants ignore their heavy burden to demonstrate that the balance of convenience factors (*Jumara* factors) support transfer. Moreover, Moving Defendants wrongly assert that Plaintiff's choice of forum should be accorded "minimal weight" instead of considerable weight by this Court because Delaware is "not its home forum." (Op. Br. at 7. First, "as a matter of law" a party's "situs of incorporation" is its "home turf." *See, Praxair, Inc.,* 2004 U.S. Dist. LEXIS 7076, at *5. Second, the present matter is clearly distinguishable from the situation before the Federal Circuit in *In re Link_A_Media* because *all parties* in the present matter are Delaware corporations. 622 F.3d 1221 (Fed. Cir. 2011); s*ee In re Altera Corp.,* 494 F. Appx. 52, 54 (Fed. Cir. July 20, 2012) (denying mandamus and distinguishing *In re Link_A._Media* because all of the parties were Delaware corporations); *see also Micron Tech, Inc.,* 645 F.3d at 1332 ("Given that both parties were incorporated in Delaware, they had both willingly submitted to suit there, which weighs in favor of keeping the litigation in Delaware."). This factor weighs against transferring the case out of Delaware.

### 2. All Parties are Delaware Companies

Priceplay.com and each of the Moving Defendants is a Delaware corporation. Transferring these cases to California would contradict Delaware's public policy, which favors adjudicating disputes between corporations of this state. "The public policy of Delaware encourages the use by Delaware corporations of that state as a forum for the resolution of

business disputes." *AIP Acquisition LLC*, 2012 U.S. Dist. LEXIS 150534, at *18; *see also Wacoh Co.,* 845 F. Supp. 2d at 604; *Intellectual Ventures I,* 842 F. Supp. 2d at 760.

The Delaware courts have observed that a corporate entity's state of incorporation is part of its "home turf." *Mitek Sys., Inc. v. United Servs. Auto Ass'n.*, 2012 U.S. Dist. LEXIS 123716, at *17 (D. Del. Aug. 20, 2012); quoting *Intellectual Ventures I,* 842 F. Supp. 2d at 759. "[W]hen a corporation chooses to incorporate in Delaware and accept the benefits of incorporating in Delaware, it cannot complain when another corporation brings suit against it in Delaware. *See Mallinckrodt, Inc. v. EZ-EM Inc.,* 610 F. Supp. 2d 349, 357 (D. Del. 2009). "[O]ne aspect of a company's decision to incorporate in Delaware is that under our jurisdictional and venue statutes it is agreeing to submit itself to the jurisdiction of the courts in this state for the purposes of resolving this type of commercial dispute." *See ADE Corp.*, 138 F. Supp. 2d at 572. Thus, "absent some showing of a unique or unexpected burden, a company should not be successful in arguing that litigation in its state of incorporation is inconvenient." *Id.,* at 573.

This Court recognized that companies incorporated in Delaware, like Priceplay.com, might rightfully consider its state of organization to be its "home forum." *AIP Acquisition LLC*, 2012 U.S. Dist. LEXIS 150534, at *8. In *AIP*, the Court accorded the patentee's decision to litigate in Delaware, its state of organization, heightened deference in the § 1404(a) analysis, 2012 U.S. Dist. LEXIS 150534, at *7, *see also Mitek Sys., Inc.,* 2012 U.S. Dist. LEXIS 123716, at *17. Admittedly, this deference does not rise to the level that the patentee's selection would have merited had Priceplay.com chosen to bring this action in the state of its principal place of business. Nevertheless, this factor counsels against transfer and is given heightened, even if not maximum, weight.

Moreover, as the court ruled in *AIP,* by forming as Delaware corporations, Defendants have necessarily consented to suit in this jurisdiction. "Absent some showing of a unique or unexpected burden, a company should not be successful in arguing that litigation in its state of incorporation is inconvenient." *Intellectual Ventures I,* 842 F. Supp. 2d at 756.

### 3. Defendants are International Companies

Each of the Moving Defendants "operates on an international scale" and is therefore capable of litigating anywhere. This Court has recognized that unless a defendant "is truly regional in character," that is, it operates essentially exclusively in a region that does not include Delaware, transfer is almost always *inappropriate*. *See Praxair, Inc.,* 2004 U.S. Dist. LEXIS 7076, at *3. Plus, where transfer is sought by a defendant having operations on a national or international scale, that defendant "must prove that litigating in Delaware would pose a unique or unusual burden on [its] operations." *L'Athene, Inc.,* 570 F. Supp. 2d at 592. Each Defendant has availed itself of this forum in earlier proceedings by litigating patent infringement disputes in Delaware. (*See* Monteith Decl., Ex. A.) This factor weighs against transferring the case out of Delaware.

### 4. Infringement Occurred Across the Internet

Even though Moving Defendants' acts of patent infringement occurred over the Internet and therefore impacted Delaware, they argue that the cases should be transferred to California because their accused systems were developed in that state. (Op. Br. at 9.) But "as a matter of law, a claim for patent infringement arises wherever someone has committed acts of infringement, to wit, 'makes, uses, offers to sell, or sells any patented invention' without authority." *Cellectis S.A. v. Precision Biosciences, Inc.,* 858 F. Supp. 2d 376, 381 (D. Del. 2012) (quoting 35 U.S.C. § 271(a)). Accordingly, "when the defendant in a patent infringement action

operates on a national or global level, this factor [of the location of the alleged tort] is generally neutral." *AIP,* 2012 U.S. Dist. LEXIS 150534, at *9.

### 5. Transfer to California would Result in Duplicative Parallel Litigation in Two Courts

In the context of patent litigation, the Federal Circuit has given "paramount consideration" to "the existence of multiple lawsuits involving the same issues" when determining whether a transfer is in the interest of justice. *In re Volkswagen of Am., Inc.,* 566 F.3d 1349, 1351 (Fed. Cir. 2009); *see also accord, Rockstar Consortium US LP et al. v. HTC Corporation,* 2014 U.S. Dist. LEXIS 102991, at *15 (E.D. Tex., July 29, 2014). Where related lawsuits exist, it is in the interests of justice to permit suits involving the same parties and issues to proceed before one court. *See, e.g., Air Prods. & Chems., Inc. v. MG Nitrogen Servs., Inc.,* 133 F. Supp. 2d 354, 357 (D.Del. 2001) ("[T]he interests of judicial economy dictate that an action involving the same patents-in-suit and most of the same parties should not proceed simultaneously in two different district courts.").

Here, Priceplay.com has accused a fourth Defendant – AOL, Inc. – of infringing the same two patents-in-suit. AOL has not joined in the transfer motion of the three Moving Defendants and has filed an Answer, reflecting its decision to defend in Delaware. Transfer of the remaining three infringement cases to California would unduly multiply expense, complicate this litigation, and create the risk of contradictory outcomes - one in California and another in Delaware - which weighs against transferring the cases involving the Moving Defendants out of Delaware.

### 6. Documents and Witnesses in California do not Affect Choice of Forum

The fact that each of the Moving Defendants might maintain relevant documents, books, and records in California, a point highly touted by the Moving Defendants, should carry little weight. (Op. Br. at 3.) It is well known that technological advancements have significantly

9

reduced the weight to be accorded this factor (*see Mitek Sys., Inc.,* 2012 U.S. Dist. LEXIS 123716, at *20-21; *Fuisz Pharma LLC v. Theranos, Inc.,* 2012 U.S. Dist. LEXIS 69835, at *49-50 (D. Del. May 18, 2012)), and although a court should not completely ignore the location of relevant books and records (*see In re Link_A_Media Devices Corp.,* 662 F.3d at 1224), this Court should give only slight weight to this factor. *See AIP,* 2012 U.S. Dist. LEXIS 150534, at *15. In fact, the Third Circuit in *Jumara* advised that, while the location of books and records is a private interest that should be evaluated, it is not a determinative factor unless "the files c[an] not be produced in the alternative forum." *Jumara*, 55 F.3d at 879. Moving Defendants have not argued that are unable to produce books and records in this district. Therefore, this factor weighs against transfer.

The fact that witnesses might be inconvenienced by litigation this matter in Delaware, another point highly touted by the Moving Defendants, should carry little weight. (Op. Br. at 10-11.) It is not whether witnesses are inconvenienced by litigation but, whether witnesses "actually may be unavailable for trial in one of the fora" that is a factor in the transfer analysis. *Jumara*, 55 F.3d at 879. The Moving Defendants argue that "important third-party witnesses are likely located in or nearer to California, thus they would be less likely to 'incur substantial expense' to appear at trial in the Northern District of California than this District … [which] favors transfer." Given that Moving Defendants rely on nothing more than speculation to suggest that any non-party witness might be critical enough to be called upon to testify at trial (and be unwilling to do so), this factor weighs against transfer.

Taken completely in isolation, the parties' physical locations might suggest that California is more convenient, but this Court's analysis should not stop there. The financial resources disparity between the parties is such that compelling Priceplay to litigate in the

Northern District of California would be more onerous than requiring Moving Defendants to remain in Delaware. *See AIP,* 2012 U.S. Dist. LEXIS 150534, at *12-13.

In fact, "convenience based on expense is uncompelling especially when the practical realities are that discovery will likely take place in [the proposed transferee forum] regardless of the trial venue." *Cypress Semiconductor Corp. v. Integrated Circuit Sys.,* 2001 U.S. Dist. LEXIS 20803, at *10 (D. Del. Nov. 28, 2001).

In sum, the Moving Defendants have not met their burden to demonstrate why the balance of the *Jumara/Shutte* factors strongly weigh in favor of transfer.

### 7. The Remaining Public Interest Factors Are Neutral

PricePlay.com already has discussed the second, fourth, and fifth public interest factors, above. The enforceability of judgment factor is neutral as both jurisdictions are equally able to enforce any judgment obtained in this action. *Tradimpex Egypt Co. v. Biomune Co.*, 777 F. Supp. 2d 802, 810 (D. Del. 2011) ("The enforceability of the judgment is the same in both courts."). While both this Court and the Northern District of California carry busy dockets, this factor is neutral. *Id.* ("Although the District of Delaware is a very busy District, so, too, is the District of Kansas, and there is no reason to conclude that the time to trial (or length of trial) will be materially different in one court or the other."); *Intellectual Ventures I LLC v. Checkpoint Software Technologies Ltd.*, 797 F. Supp. 2d 472, 486 (D. Del. 2011) (refusing to find this factor favors transfer to the Northern District of California in the face of a shorter average time to trial and "[n]otwithstanding the heavy caseload carried by the judges in this District, and the ongoing judicial vacancy, the Court is not persuaded that administrative difficulties due to court congestion favor transfer"). Since this is not a diversity case, the sixth public interest factor is irrelevant. As such, the remaining private interest factors are neutral.

## VI. CONCLUSION

For the foregoing reasons, Defendants' Motion to Transfer these cases to the Northern District of California should be denied.

August 15, 2014

OF COUNSEL:

Scott M. Daniels
Darrin A. Auito
WESTERMAN HATTORI DANIELS & ADRIAN
1250 Connecticut Avenue, NW.
Suite 700
Washington, D.C. 20036
(202) 822-1100
sdaniels@whda.com
dauito@whda.com

BAYARD, P.A.

*/s/ Stephen B. Brauerman*
Richard D. Kirk (rk0922)
Stephen B. Brauerman (sb4952)
Vanessa R. Tiradentes (vt5398)
Sara E. Bussiere (sb5725)
222 Delaware Avenue, Suite 900
Wilmington, Delaware 19801
Telephone: 302-655-5000
rkirk@bayardlaw.com
sbrauerman@bayardlaw.com
vtiradentes@bayardlaw.com
sbussiere@bayardlaw.com